13-2114-cv
Gates v. UnitedHealth Group Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3${}^{rd}$ day of April, two thousand fourteen.

PRESENT:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY
> *Circuit Judges*.

_____

MARIANNE GATES, *individually and on behalf of all others similarly situated*,

> *Plaintiff-Appellant*,

> v.                                                                 No. 13-2114-cv


UNITEDHEALTH GROUP INCORPORATED, UNITED HEALTHCARE INSURANCE COMPANY, ALLIANCEBERNSTEIN L.P., UNITED HEALTHCARE CHOICE PLUS COPAY PLAN FOR ALLIANCE BERNSTEIN L.P., ALLIANCEBERNSTEIN L.P. UNITED HEALTHCARE INDEMNITY PLAN, XYZ ENTITIES 1-100, UNITED HEALTHCARE SERVICE, INC., UHIC HOLDINGS, INC., UNITED HEALTHCARE INSURANCE COMPANY, OXFORD HEALTH PLANS LLC, AND UNITEDHEALTHCARE, INC.,

> *Defendants-Appellees*.

_____

APPEARING FOR APPELLANT: DAVID S. PREMINGER, Keller Rohrback L.L.P., New York, New York; Lynn L. Sarko, Erin M. Riley, Benjamin Gould, Keller Rohrback L.L.P., Seattle, Washington.

APPEARING FOR APPELLEES UNITEDHEALTH GROUP INCORPORATED, UNITED HEALTHCARE INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC., UHIC HOLDINGS, INC., OXFORD HEALTH PLANS LLC, AND UNITEDHEALTHCARE, INC.: NICHOLAS J. PAPPAS, Jeffrey S. Klein, Daniel J. Venditti, Weil, Gotshal & Manges LLP, New York, New York.

APPEARING FOR APPELLEES ALLIANCEBERNSTEIN L.P., UNITED HEALTHCARE CHOICE PLUS COPAY PLAN FOR ALLIANCEBERNSTEIN L.P., AND ALLIANCEBERNSTEIN L.P. UNITED HEALTHCARE INDEMNITY PLAN: JOHN D. GIANSELLO, Michael Delikat, Orrick, Herrington & Sutcliffe LLP, New York, New York

APPEARING FOR AMICUS CURIAE THOMAS E. PEREZ, SECRETARY, UNITED STATES DEPARTMENT OF LABOR: MICHAEL R. HARTMAN; M. Patricia Smith, Solicitor of Labor; Timothy D. Hauser, Associate Solicitor for Plan Benefits Security; Elizabeth Hopkins, Counsel for Appellate and Special Litigation; Syma Ahmad, Trial Attorney, United States Department of Labor, Washington, D.C.

Appeal from an order of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*). **UPON DUE CONSIDERATION IT IS HEREBY**

**ORDERED, ADJUDGED, AND DECREED** that the April 29, 2013 Judgment and the May 15, 2013 Order of the district court be **AFFIRMED** in part, **REVERSED** in part, **VACATED** in part, and the case be **REMANDED** for further proceedings consistent with this order.

2

Gates appeals from the district court's orders and judgment dismissing her second amended complaint for lack of standing. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on appeal.

"Our standard of review for both motions to dismiss and motions for summary judgment is de novo." *Guippone v. BH S & B Holdings LLC*, 737 F.3d 221, 225 (2d Cir. 2013) (internal quotation marks omitted). When bringing a lawsuit, a plaintiff bears the burden of establishing the "irreducible constitutional minimum of standing" which requires, in part, that a "plaintiff must have suffered an 'injury in fact' — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). To establish standing at the summary judgment stage, a plaintiff "must 'set forth' by affidavit or other evidence 'specific facts,' Fed. R. Civ. P. 56(e), which for purposes of the summary judgment motion will be taken to be true." *Id.* at 561.

A declaration submitted by the Defendants established that Gates's benefits under the United HealthCare Choice Plus Copay Plan for AllianceBernstein L.P. (the "Plan") were calculated by applying the coordination of benefits methodology of the claims administrator, United Healthcare Insurance Company ("UHIC"), ostensibly derived from its interpretation of the plan terms contained in the Summary Plan Description ("SPD").[1] Gates contends that UHIC has misinterpreted the SPD and that a different methodology is required. The parties agree that Gates would receive higher benefits payments under her alternative calculation than she does under UHIC's methodology. Treating the facts Gates has "set forth" as true, including her interpretation of the SPD, the denial of

---

[1] The SPD is available at page 103 of the Joint Appendix.

the higher benefits payments was a concrete and particularized injury that Gates actually suffered. Nothing more is required to demonstrate her standing to bring the claims. Whether Gates's or UHIC's interpretation of the SPD is correct is a question that goes to the merits, not to standing. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 498-99, 500 (1975) (noting that "the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [her] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [her] behalf," an inquiry that "in no way depends on the merits of the plaintiff's contention that particular conduct" creates liability (internal quotation marks and citations omitted)).

Because Gates has standing to assert her benefits claims, we reverse the district court's dismissal on that ground. As the district court converted Defendants' motion on the first claim into one for summary judgment[2] and alternatively dismissed that claim on the merits, however, we must also review its dismissal on those grounds.

Where, as here, "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the administrator's interpretation is "subject to the more deferential arbitrary and capricious standard," rather than *de novo* review. *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999) (internal quotation marks omitted). Applying the "arbitrary and capricious" standard, a court reverses a discretionary interpretation "only if the decision is without reason, unsupported by substantial evidence or erroneous as a matter of law," or "where [a] plan administrator or fiduciary

---

[2]Although the district court's April 19, 2013 Opinion and Order does not limit the conversion to summary judgment to the first claim, it is clear from the oral argument transcripts both before the district court and this Court, as well as the parties' supplemental summary judgment briefing before the district court, that conversion occurred only with respect to the first claim.

has imposed a standard not required by the plan's provisions, or interpreted the plan in a manner inconsistent with its plain words." *Id.* (internal quotation marks and brackets omitted).

Before the district court, the parties agreed that a dispositive issue with respect to Gates's first claim for relief was "whether the terms of the AllianceBernstein CoPay Plan are consistent with Defendants' use of a single 'Allowable Expense' on both sides of the Medicare coordination of benefits comparison when Medicare is primary and the service provider opted out of Medicare or the participant is Medicare-eligible but has not enrolled."[3] Letter, *Gates v. UnitedHealth Group Inc.*, No. 11-3487 (S.D.N.Y. Jan 22, 2013), ECF No. 112. Notwithstanding that agreement, the district court apparently did not examine the terms of the SPD on this question. Instead, the district court examined the terms of the SPD concerning UHIC's decision to not refer to the Medicare fee schedule when determining "the full amount that would have been payable under Medicare." *Gates v. United Healthcare Ins. Co.*, No. 11 Civ. 3487 (KBF), 2013 WL 1718914, at *9 (S.D.N.Y. Apr. 19, 2013). After finding that phrase ambiguous, the district court appears to have deemed the entire SPD ambiguous and, therefore, reviewed the use of a single "allowable expense" only for rationality. *Id.* at *10.

This approach was problematic. Even if we agreed with the district court that the SPD permitted UHIC to estimate the "full amount that would have been payable under Medicare" without

---

[3] We note here that on appeal the parties disagree about the use of the term "allowable expense" to refer to the amount Medicare or the Plan authorizes a provider to charge for a given service. Gates notes that the term is not used in the coordination of benefits formula, and argues that Defendants' reliance upon "Allowable Expense," a capitalized defined term in the SPD, to support their argument is misplaced because the defined term refers only to the binary question of whether a service is covered or not. Defendants, on the other hand, contend that the term concerns a permitted amount, and that the examples contained in the Coordination of Benefits section of the SPD support their interpretation. As we do not rely upon the examples, we need not resolve this terminological dispute. For the purposes of this opinion, we use the term, without capitalization, to refer to the amount a provider is authorized to charge for a service under Medicare or the Plan.

reference to actual Medicare payments (which we do not for the reasons discussed further below), that conclusion is not dispositive on whether the use of a single "allowable expense" is "inconsistent with [the] plain words" of the SPD. *Kinstler*, 181 F.3d at 249

Based on our initial review of the terms of the SPD on the "allowable expense" issue, we believe there is a colorable claim that UHIC might be required to calculate "the benefit payments that this Coverage Plan would have paid had it been the Primary Coverage Plan," without reference to the Medicare "allowable expense" because the SPD explains that "[w]hen [the Plan] is primary, its benefits are determined before those of any other Coverage Plan and without considering any other Coverage Plan's benefits." As the district court has not yet fully considered these plan terms nor the parties' other arguments on this issue, however, we decline to resolve this question in the first instance and instead vacate the district court's grant of summary judgment on this point and remand this issue to the district court for its consideration.

Gates also challenges UHIC's methodology insofar as when Gates received services from opt-out providers, UHIC determined "the full amount that would have been payable under Medicare" by simply substituting the opt-out provider's "billed amount" for Medicare's "allowable expense," rather than referring to the Medicare fee schedule to determine the actual "allowable expense," as Gates contends is required. The district court approved of UHIC's methodology because it interpreted the "full amount" phrase to be ambiguous, concluding that "[t]his language leaves open the question of what 'amount' would have been payable and how that amount is calculated." *Gates*, 2013 WL 1718914, at *9.

The district court's focus on the ambiguity of the word "amount," however, fails to consider it in context with the surrounding words and other provisions. In general, the SPD does not require

6

determination of an "estimate" of Medicare payments, as was the case in *Lipstein v. UnitedHealth Grp.*, --- F.R.D. ----, No. 11 Civ. 1185 (JBS)(JS), 2013 WL 5410631, at *3 (D.N.J. Sept. 26, 2013). Rather, the SPD requires UHIC to determine "the *full* amount that would have been payable under Medicare." Moreover, where a beneficiary has received services from a provider who has opt-ed out of Medicare, as Gates did, the SPD is even more specific and requires UHIC to determine the Medicare benefits "as if . . . the provider had agreed to limit charges to the amount of charges allowed under Medicare rules."

It is not clear to us how UHIC can give appropriate meaning to these terms without referring to actual Medicare payment information in some way. A provider's "billed amount" has no apparent relationship to any amount that "would have been payable under Medicare," let alone "the *full* amount." Moreover, simply using the "billed amount," without any adjustment based on Medicare rules, ignores the SPD's instruction that where a beneficiary receives services from an opt-out provider, the Medicare benefits side of the coordination of benefits calculation is to be determined "as if . . . the provider had agreed to limit charges to the amount of charges allowed under Medicare rules." In our view, therefore, UHIC must base its determination on actual Medicare payments to some degree when it conducts this part of the coordination of benefits calculation.

Gates argues that the only way for UHIC to incorporate actual Medicare payment information is for UHIC to align the services provided by opt-out providers with billing codes on the Medicare fee schedule. While this may ultimately be the case, the plan terms do not specifically refer to the fee schedule, and the record before the Court is not sufficient to allow us to reach that conclusion. It is possible, for instance, that UHIC could obtain Medicare payment information from other sources. Moreover, there appears to be a disputed issue of material fact as to whether UHIC has the ability to

exactly align services provided by opt-out providers with the Medicare fee schedule. UHIC contends that is impossible, and that it must estimate to some degree, while Gates argues that UHIC could do so by taking advantage of ERISA provisions allowing it extended claims processing time to seek additional information from opt-out providers, or by performing a systems upgrade. Accordingly, from our review of the documents, it appears that UHIC must rely upon actual Medicare benefits payments information for the determination of the Medicare benefits portion of the coordination of benefits calculation. We leave it to the district court, however, to make this determination in the first instance and also to address the question of whether UHIC can accomplish this only through reference to the Medicare fee schedule, or if there are alternative procedures that would be consistent with the plan terms. For these reasons, we vacate the district court's merits determination on the first claim and remand for further consideration consistent with this order.

We also conclude that Gates has standing to pursue her third through sixth claims. There is no question that Gates has a statutory right to a full and fair review of her claims, and that violations of that right are made expressly actionable by the applicable regulations. *See* 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(*l*). Gates has submitted evidence related to the processing of her claims that, when taken as true, establishes a violation of her right sufficient to establish standing. Defendants' other arguments for dismissing Gates's procedural claims concern whether or not she may properly bring certain claims on the basis of a breach of fiduciary duty, and whether she is entitled to certain forms of relief. These are not issues of standing, but rather questions of whether Gates has "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). As these arguments were not addressed by the district court, in light of its dismissal of the claims on standing grounds, we remand Gates's third through sixth claims for consideration of Defendants' arguments by the district court in

the first instance.  In doing so, but without expressing a view as to the outcome of these issues, the district court should reevaluate whether it properly characterized Gates's third claim as one for breach of fiduciary duty given her representation on appeal that it is a straightforward claim for a violation of 29 U.S.C. § 1133, and whether Gates may brings claims on behalf of the beneficiaries of other plans pursuant to the second amended complaint in light of this Court's decision in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) and her decision not to reallege claims against the numerous defendants related to UnitedHealth Group, Inc. that did not cause her an injury.

Gates's seventh claim contends that she was improperly transferred from the Plan to the AllianceBernstein L.P. United HealthCare Indemnity Plan because she enrolled in Medicare.  This claim does not raise difficult questions of law, as the plain terms of the Plan restrict eligibility to current employees of AllianceBernstein L.P.  Therefore, her transfer out of the Plan was proper. Accordingly, we affirm the district court's dismissal of this claim.

The district court's April 29, 2013 judgment and May 15, 2013 order are hereby AFFIRMED in part, REVERSED in part, VACATED in part, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

9